## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) MAGNESIUM MACHINE, LLC, an Oklahoma limited liability company,<br><br>      Plaintiff,<br>v.<br><br>1) TERVES, LLC, a Nevada limited liability company,<br><br>      Defendant. | Case No. CIV-21-1115-PRW<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILTY OF PATENTS, TORTIOUS INTERFERENCE CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE, AND UNFAIR COMPETITION |

## COMPLAINT

COMES NOW, Plaintiff Magnesium Machine, LLC ("Magnesium Machine"), by its attorneys, and as and for its Complaint against Defendant Terves, LLC ("Terves"), states and alleges as follows:

1. Magnesium Machine is a limited liability company organized under the laws of Oklahoma, and has its principal place of business in Duncan, Oklahoma, within this judicial district and division. All members of Magnesium Machine are residents of the State of Oklahoma.

2. Terves is, upon information and belief, a limited liability company organized under the laws of Nevada, and has its principal place of business in Euclid, Ohio. Upon information and belief, all members of Terves are residents of the State of Ohio.

## JURISDICTION

3.  This is an action for a declaratory judgment of invalidity, non-infringement and unenforceability under Title 35 of the United States Code, for unfair competition under the Lanham Act, 15 USC § 1051, et. seq., and for tortious interference with contract and prospective economic advantage. Primary subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1338, 2201 and 2202, and this Court has supplemental jurisdiction over related state claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367. Additionally, this Court would have diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

4.  This Court has personal jurisdiction over Terves. On information and belief, Terves now has and at all times relevant hereto has had substantial contacts with the State of Oklahoma in connection with the development, sale, and offering for sale of products asserted by Terves to be covered by one or more of U.S. Patent Nos. 10,329,653 and 10,689,740, both of which are the subject of this action. In particular, on information and belief, Terves has conducted substantial, systematic, and continuous business in the State of Oklahoma and states contiguous herewith. Additionally, Terves has made objectively baseless and bad faith patent infringement threats regarding products manufactured by Magnesium Machine and distributed by at least three of Magnesium Machine's Customers, being Frontier Oil Tools LLC (hereinafter "Frontier"), Bear Claw Technologies, LLC (hereinafter "Bear Claw") and Jet Oil Tools, LLC (hereinafter "Jet Oil"), despite Magnesium Machine informing Terves that the Magnesium Machine products do not infringe any claims of Terves's patents. Additionally, Terves continues to maintain its objectively baseless and bad faith infringement claims against Frontier, Bear Claw, Jet Oil, and – upon information and belief – possibly other Magnesium Machine customers concerning Magnesium

Machine products. Furthermore, Terves's counsel has repeatedly sent letters and other communications into this District including threats to initiate litigation for patent infringement concerning Magnesium Machine's dissolved cast magnesium.

## BACKGROUND

5. Upon information and belief, Terves is the owner by assignment of each of the following United States Letters Patents (the "Terves Patents"):

    a. United States Patent No. 10,329,653 for an alleged invention in "Galvanically-Active In Situ Formed Particles for Controlled Rate Dissolving Tools" (the "'653 Patent"). A true and correct copy of the '653 Patent is attached as Exhibit 1.

    b. United States Patent No. 10,689,740 for an alleged invention in "Galvanically-Active In Situ Formed Particles for Controlled Rate Dissolving Tools" (the "'740 Patent"). A true and correct copy of the '740 Patent is attached as Exhibit 2.

6. Magnesium Machine has at all times relevant hereto manufactured and sold dissolvable cast magnesium products of the type accused of infringement by Terves, and continues to manufacture and sell such products. Terves's conduct has created on the part of Magnesium Machine a reasonable apprehension that Magnesium Machine and Magnesium Machine's Customers are faced with an infringement suit if Magnesium Machine continues to manufacture or sell products.

7. Terves's conduct includes, inter alia, the sending of a series of letters to Magnesium Machine's Customers regarding Magnesium Machine's alleged infringement

of the Terves Patents. Such letters include, inter alia, a letter dated November 1, 2021, to Magnesium Machine's Customers, Frontier, Bear Claw and Jet Oil, from Terves's attorneys at McDonald Hopkins on behalf of Terves referencing the Terves Patents and the statement that the Magnesium Machine's materials infringe the Terves Patents. Upon information and belief, a true and correct copy of the letter served on Magnesium Machine customers is attached as Exhibit 3.

8. Magnesium Machine has informed Terves that each of the Terves Patents is not infringed by Magnesium Machine's products, is invalid, and is otherwise unenforceable. Magnesium Machine has a current, real apprehension and belief that Terves will immediately file suit on receiving such information. A true and correct copy of Magnesium Machine's letter to Terves in this regard is attached as Exhibit 4.

9. Magnesium Machine buys its dissolvable magnesium alloys from Ecometal, Inc. Ecometal is named as a defendant in an action pending in the United States District Court for the Northern District of Ohio as Case No. 1:19-CV-1611 in which Terves alleges Ecometal's alloys infringe the Terves Patents (the "Ohio Patent Lawsuit"). Magnesium Machine has participated materially in defense of the Ohio Patent Lawsuit. Terves is well aware that Ecometal sells almost all of the dissolvable magnesium it imports into the United States to Magnesium Machine.

10. An actual controversy exists between the parties hereto regarding the validity, enforceability, and infringement of the Terves Patents.

4

## COUNT I - DECLARATION OF
## NONINFRINGEMENT AND/OR INVALIDITY OF THE '653 PATENT

11. Magnesium Machine hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count I further states as follows:

12. The acts of Terves as alleged herein, including but not limited to Terves's allegations that the manufacture, use, sale or offer of sale of dissolved cast magnesium products manufactured by Magnesium Machine infringe the '653 Patent, have created a present and actual controversy between Magnesium Machine and Terves concerning whether Magnesium Machine's dissolved cast magnesium infringes any of the claims of the '653 Patent and whether the '653 Patent is invalid.

13. The manufacture, use, sale and offer of sale of dissolved cast magnesium products manufactured by Magnesium Machine do not infringe any of the claims of the '653 Patent.

14. The claims of the '653 Patent are invalid for failing to meet the criteria of patentability set forth in Title 35 of the United States Code (the "Patent Act"), including but not limited to the criteria of §§ 102, 103, and 112 thereof.

15. On November 19, 2021, Ecometal moved for summary judgment in the Ohio Patent Litigation on the basis that the Terves Patents are invalid. The Terves Patents are invalid as being anticipated by Chinese Pat. No. 103,343,271 ("Xiao Daihong"), titled "Light and Pressure-Proof Fast-Decomposed Cast Magnesium Alloy," filed by Central South University on July 8, 2013, and attached as Exhibit 5 hereto.  In addition, the Terves Patents are invalid based on Terves fraud on the Patent Office for failing to disclose a series

of documents required to be disclosed. Finally, the Terves Patents are indefinite, and the claims would cover an "infinite" range of compositions, rendering them invalid.

16. On July 6, 2021, Ecometal filed a petition for ex parte reexamination of the '653 Patent. The request for reexam was granted on July 26, 2021. Then, on November 20, 2021, a notice of nonfinal office action was issued by the USPTO rejecting all of the challenged claims of the '653 Patent mostly in view of the Xiao Diahong reference. The nonfinal office action is attached as Exhibit 6.

## COUNT II - DECLARATION OF NONINFRINGEMENT AND/OR INVALIDITY OF THE '740 PATENT

17. Magnesium Machine hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count II further states as follows:

18. The acts of Terves as alleged herein, including but not limited to Terves's allegations that the manufacture, use, sale and/or offer of sale of dissolved cast magnesium products manufactured by Magnesium Machine infringe the '740 Patent, have created a present and actual controversy between Magnesium Machine and Terves concerning whether Magnesium Machine's dissolved cast magnesium infringes any of the claims of the '740 Patent and whether the '740 Patent is invalid.

19. The manufacture, use, sale and offer of sale of dissolved cast magnesium products manufactured by Magnesium Machine do not infringe any of the claims of the '740 Patent.

20. The '740 Patent is invalid for the same reasons noted above regarding the invalidity of '653 Patent.

6

## COUNT III – TORTIOUS INTERFERENCE WITH
## CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE

21. Magnesium Machine hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for its Count III further states as follows:

22. Magnesium Machine has contracts and business relationships, whether directly or indirectly, with its distributors Frontier, Bear Claw with Jet Oil and others ("Magnesium Machine's Customers").

23. Terves has intentionally and willfully acted to cause damage to Magnesium Machine's business relationships, contracts, and prospective economic advantage by sending objectively and subjectively baseless assertions of patent infringement to Magnesium Machine's Customers.

24. Terves's actions alleged herein were done with an intent to damage Magnesium Machine's contractual and prospective business relationships and to cause a termination of such relationships.

25. Terves's actions are part of a calculated and coordinated campaign to undermine Magnesium Machine's business conducted with its customer KLX. KLX is a large oilfield services company that previously purchased products from Magnesium Machine, but which now, on information and belief, purchases the same types of products from Terves. Magnesium Machine and KLX are involved in ongoing litigation regarding intellectual property and contractual matters pending in the United States District Court for the Western District of Oklahoma as Case No. 5:20-cv-01129-F.

26. KLX has extended that dispute by commencing Case No. DC-21-16159 In the 298th Judicial District in Dallas County, Texas against Magnesium Machine's Customers, Jet Oil Tools, LLC, among others, regarding intellectual property and contractual matters.

27. The foregoing coordinated conduct by KLX and Terves is intended to inflict maximum expense and business interruption on Magnesium Machine.

28. Terves's acts, as alleged in this Complaint, were done in bad faith with the unlawful purpose of causing damage to Magnesium Machine.

29. Terves had no right or justifiable cause for its conduct.

30. The foregoing acts of Terves have caused Magnesium Machine irreparable harm. Unless enjoined, Terves's acts alleged herein will continue to cause Magnesium Machine irreparable harm, loss and injury.

## COUNT IV - FEDERAL UNFAIR COMPETITION

31. Magnesium Machine hereby restates the allegations of the foregoing paragraphs as if fully set forth herein and for Count IV further states as follows:

32. Terves's objectively and subjectively baseless assertions of patent infringement against Magnesium Machine's Customers made in cease and desist letters constitute bad faith commercial statements made in an attempt to divert customers from Magnesium Machine and to otherwise injure Magnesium Machine's ability to compete and have unlawfully diverted trade, goodwill, and revenue from Magnesium Machine, whereby Terves has been and is being unjustly enriched with other benefits proximately caused by and resulting from its acts in violation of 15 U.S.C. § 1125.

33. The acts of Terves alleged in this Count IV have caused (and will continue to cause unless and until enjoined and restrained by this Court) substantial and irreparable harm, damage, and injury to Magnesium Machine for which Magnesium Machine has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Magnesium Machine prays for relief from the Court as follows:

A. That the Court declare that the manufacture, use, sale and offer of dissolved case magnesium products manufactured by Magnesium Machine do not infringe any of the claims of the '653 Patent.

B. That the Court declare the '653 Patent invalid.

C. That the Court declare that the manufacture, use, sale and offer of dissolved case magnesium products manufactured by Magnesium Machine do not infringe any of the claims of the '740 Patent.

D. That the Court declare the '740 Patent invalid.

E. That the Court enjoin and restrain Terves from and against further threatening or filing or prosecuting any court actions against persons or entities making, using or selling dissolved case magnesium products manufactured by Magnesium Machine.

F. That the Court award Magnesium Machine its damages and Terves's profits resulting from Terves's unfair competition and tortious interference with Magnesium Machine's contracts and prospective economic advantage, which damages and profits are in excess of $75,000.

G.      Trebling of the profits or damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 USC § 1117(a) and (b), due to Terves's actions to unfairly compete with Magnesium Machine.

H.      That the Court award Magnesium Machine its reasonable attorney fees under 35 U.S.C. § 285.

I.      That the Court otherwise award Magnesium Machine its reasonable attorneys' fees, costs, and expenses.

J.      That the Court award punitive damages in an amount to be determined at trial.

K.      That Magnesium Machine have such other and further relief as the court deems just and equitable.

Dated:  November 23, 2021.                   Respectfully submitted,


*s/ Daniel V. Carsey*
Daniel V. Carsey, OBA No. 21490
Michael H. Smith, OBA No. 19222
Bryan R. Lynch, OBA No. 33559
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone:  (405) 553-2313
Facsimile:  (405) 553-2855
dcarsey@hallestill.com
mhsmith@hallestill.com
blynch@hallestill.com

**ATTORNEYS FOR PLAINTIFF, MAGNESIUM MACHINE, LLC**