# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA
# EASTERN DIVISION

| | |
|---|---|
| Magnesium Machine, LLC, | ) |
|       Plaintiff, | ) Case No. CIV-21-1115-PRW |
| vs. | ) Judge Patrick R. Wyrick |
| Terves LLC, | ) **[PROPOSED] ORDER** |
|       Defendant. | ) |

**Terves' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer, Stay, or Dismiss Based on the First-to-File Rule**

David B. Cupar, OH 0071622
(admitted pro hac vice)
Matthew J. Cavanagh, OH 0079522
(admitted pro hac vice)
McDonald Hopkins, LLC
600 Superior Ave., East, Ste. 2100
Cleveland, OH 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

Michael D. McClincock, OBA 18105
Christopher M. Scaperlanda, OBA 31703
McAfee & Taft, P.C.
Two Leadership Sqauare, 8th Floor
211 N. Robinson
Oklahoma City, OK 73102
Phone: (405) 235-9621
Fax: (405) 235-0439
michael.mcclintock@mcafeetaft.com
christopher.scaperlanda@mcafeetaft.com

**Counsel for Terves, LLC**

**January, 19, 2022**

Defendant Terves LLC moves under Fed. Civ. R. 12(b)(2) to dismiss for lack of personal jurisdiction. Terves lacks continuous and systematic contacts with Oklahoma, and sending cease-and-desist letters to plaintiff Magnesium Machine, LLC's customers is not enough to subject Terves to personal jurisdiction in Oklahoma.

Alternatively, Terves moves to transfer, stay, or dismiss under the first-to-file rule because the Ohio patent case that Terves filed two years ago against Magnesium Machine's importer, Ecometal Inc., is set for trial on April 25, 2022, and that trial should resolve many or all of the issues raised by Magnesium Machine's complaint.

## Facts

### I.   The Ohio Patent Case

Magnesium Machine "buys its dissolvable magnesium alloys from Ecometal." (Compl. ¶9, ECF #1.) In 2019, Terves sued Ecometal for patent infringement over those dissolvable magnesium alloys in the currently pending case entitled *Terves LLC v. Yueyang Aerospace New Materials Co. Ltd.*, No. 1:19-cv-1611-DCN, U.S. District Court for the Northern District of Ohio ("NDOH"), Judge Donald C. Nugent presiding (the "Ohio Patent Case"). (Compl. ¶9.) There, Terves asserts the same '653 and '740 patents identified in Magnesium Machine's complaint before this Court. (*See* Compl. ¶ 5.) In Ohio, Ecometal asserts the same defenses against Terves' patents that Magnesium Machine asserts here: patent invalidity due to anticipation by Chinese Pat. No. 103,343,271 ("Xiao Daihong"), invalidity due to alleged "fraud on the Patent Office," indefiniteness, and non-infringement. (*Compare* Ohio Patent Case, Ecometal MSJ Br. at 4-5 (invalidity based on

Xiao Daihong reference), 10 (inequitable conduct), 17 (indefiniteness), ECF #134, *with* Compl. ¶¶14-15, 19-20.)

The Ohio Patent Case is over two-years-old and is at an advanced stage: (1) fact and expert discovery are completed (*see* Ohio Patent Case, Mins. of Proceeding ("Fact discovery complete ... Expert depositions to be completed by 10/18/21) ECF #128); (2) the court held a claim construction hearing and issued a claim construction ruling (*id.* at ECF #83 ("Hearing held by video on 2/24/2021"), ECF #89 (claim construction ruling)); (3) summary judgment motions are fully briefed (*id.* at ECF #133-137, 143-44, 147-48); and, (4) trial is set for April 25, 2022 (*id.* at ECF #129 ("Jury trial set for 4/25/2022")).

## II.    The Ohio Trade Secret Case

In addition to the Ohio Patent Case, there is yet a second lawsuit by Magnesium Machine against Terves. The Ohio Trade Secret Case is related to the Ohio Patent Case.

In December 2019, Magnesium Machine sued Terves (and its trial attorneys, McDonald Hopkins) in the NDOH for trade secret misappropriation, based on their receipt of an unrestricted subpoena response in discovery in the Ohio Patent Case. That case is entitled *Magnesium Machine, LLC et al. v. Terves LLC et al.*, Case No. 1:19-cv-2818, NDOH (the "Ohio Trade Secret Case"), and it was decided by the same U.S. District Judge presiding over the Ohio Patent Case: Judge Donald C. Nugent. The court dismissed that case, sanctioned and awarded fees against Magnesium Machine for suing in bad faith, and awarded fees against Magnesium Machine's lawyers for vexatiously and unreasonably multiplying the proceedings. *See Magnesium Machine, LLC v. Terves,* LLC, No. 20-

3779/3998, 2021 WL 5772533 (6th Cir. Dec. 6, 2021). The U.S. Court of Appeals for the Sixth Circuit affirmed those rulings on December 6, 2021. *Id.*

### III. This Lawsuit

In the present lawsuit, Magnesium Machine now sues over infringement notice letters sent by Terves' counsel to three customers—none of which are in Oklahoma—that buy the magnesium imported by Ecometal and sold to Magnesium Machine. The customers are: Frontier Oil Tools, LLC (Houston, Texas), Bear Claw Technologies LLC (Ogden, Utah), and Jet Oilfield Services, LLC (Dallas, Texas). (Compl. ¶¶7, 22.)[1] The Terves' letters notified the companies that "Terves has sued MMP's importer of dissolvable magnesium for infringing the Terves' Patents," "Terves has tested the MMP materials … and Terves' metallurgical expert has found that they infringe," and Terves "demands that [customer] cease-and-desist selling MMP-supplied dissolvable magnesium." (Nov. 1, 2021 Letter to Frontier Oil, ECF #1-3.)

Magnesium Machine seeks declaratory judgments of "non-infringement and/or invalidity" of the '653 patent (Count I) and the '740 patent (Count II). It also asserts claims for tortious interference (Count III) and "Federal Unfair Competition" (Count IV) based on the allegation that Terves' infringement letters are false and interfered with its customers. (Compl. ¶¶22-33.)

---

[1] Magnesium Machine attached the Frontier Oil letter to its complaint (ECF #1-3). The letters to Jet and Bear Claw are submitted as exhibits to the Declaration of Matthew J. Cavanagh, which is attached hereto as Exhibit 1.

**Law and Argument**

I.   **The Court lacks personal jurisdiction over Terves**
     A.   **Law governing personal jurisdiction**

Because Terves challenges jurisdiction through declarations and documents, the burden shifts to Magnesium Machine to make a *prima facie* showing of jurisdiction by uncontroverted allegations in the complaint, declarations, testimony, or documents. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (plaintiff must make a *prima facie* showing of jurisdiction); *see also OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) ("The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.").

Federal Circuit law governs personal jurisdiction for declaratory judgment claims because patent law controls the inquiry. *See Maxchief Investments Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018). The same is true for Magnesium Machine's tortious interference and Lanham Act claims because "resolution of the patent infringement issue" would be a "significant factor" in resolving those claims.[2] *See id.* (applying Federal Circuit law for state law claims challenging cease-and-desist letters)*; see also 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) (same).

---

[2] Patent law would be a significant factor in assessing liability at least because, as explained *infra* p. 13 & n.5, Magnesium Machine must show Terves' infringement allegations were objectively baseless to overcome Terves' qualified privilege under the Patent Act to send those letters and must prove falsity by proving the products do not infringe. The merit and truth of Terves patent infringement claims must be decided under patent law.

{10091905:2 }                                            4

Personal jurisdiction exists only if permitted by Oklahoma's long-arm statute and the Due Process Clause of the U.S. Constitution. *See Maxchief*, 909 F.3d at 1137. Because Oklahoma's long-arm statute extends jurisdiction to its due process limit, the single question is whether exercising personal jurisdiction comports with due process. *Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988) (citing 12 O.S. § 2004(F)); *see also Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) (Minnesota's long-arm statute is coterminous with due process, so only due process matters).

To satisfy its burden, Magnesium Machine must prove either general or specific jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction requires defendant's contact with the state to be so "continuous and systematic" that it is "'essentially at home' in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear*, 564 U.S. at 919). Specific jurisdiction, on the other hand, requires that the cause of action arise directly from the defendant's contacts with the forum state. *Goodyear*, 564 U.S. at 919.

Magnesium Machine fails to prove personal jurisdiction under either variety.

B.   **Terves is not subject to general jurisdiction.**

Terves is not subject to general jurisdiction in Oklahoma because it is not "essentially at home" here. The "paradigm" forums where a company is "essentially at home" are its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137. General personal jurisdiction via continuous and systematic contacts with the forum state is explicitly reserved for the "exceptional case." See *id.* at 139 n.19.

As MMP admits, Terves is at home in Nevada (where it is incorporated) and Ohio (where its principal place of business is located). (*See* Compl. ¶2.) Terves has no employees in Oklahoma, it has no offices or physical presence in Oklahoma, it is not registered to do business in Oklahoma, and it has not developed any products in Oklahoma. (Sherman Decl. ¶¶ 6-13.)

Magnesium Machine's complaint provides only conclusory boilerplate allegations on general jurisdiction that it qualifies as "on information and belief":

- "On information and belief, Terves now has and at all times relevant hereto has had substantial contacts with the State of Oklahoma in connection with the development, sale, and offering for sale of products asserted by Terves to be covered [by the patents]."

- "on information and belief, Terves has conducted substantial, systematic, and continuous business in the State of Oklahoma and states contiguous herewith."

(Compl. ¶4.) Terves' CEO Andrew Sherman's declaration, however, confirms that Terves does not have substantial, systematic, and continuous business in Oklahoma. Only about 1-2% of Terves' total sales since the patents first issued in 2019[3] were in Oklahoma, and only three of Terves' 50+ customers are here. (Exhibit 2, Sherman Decl. ¶¶12-13).

Terves respectfully submits that these sporadic and insignificant sales in Oklahoma do not come close to making Terves "at home" in Oklahoma and do not establish general jurisdiction. *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 883 (Fed. Cir. 2008) (no general

---

[3] Because Magnesium Machine's claims stem from allegations of infringement of the patents, the relevant timeframe for personal jurisdiction contacts is from the date the first patent issued, which is June 25, 2019. *See, e.g.*, *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1377 (Fed. Cir. 2017) (holding that only contacts after patent issues are relevant to personal jurisdiction analysis.)

jurisdiction over defendants who hade made only eight sales in forum state); s*ee also Guillette v. PD-RX Pharms. Inc.,* No. 5:15-CV-00564-R, 2016 WL 3094073, at *6 (W.D. Okla. June 1, 2016) (no general jurisdiction where party manufactured and marketed products and "conducted extensive commercial activity" in Oklahoma); *Allen v. IM Sols., LLC*, 83 F. Supp. 3d 1196, 1204 (E.D. Okla. 2015) (no general jurisdiction where defendant generat[ed] and [sold] hundreds of leads to Oklahoma lawyers each month" and had an ongoing relationship with two Oklahoma law firms).

Plaintiff has not made a *prima facie* showing of general personal jurisdiction.

**C.   Terves is not subject to specific jurisdiction.**

**1.   Law governing specific jurisdiction**

Whether this Court has specific jurisdiction depends upon three elements: (1) whether Terves has purposefully directed activities at Oklahoma; (2) whether the claims arise out of or relate to Oklahoma-directed activities; and (3) whether exercising personal jurisdiction over Terves is reasonable and fair. *3D Systems,* 160 F.3d at 1378. The first two factors correspond with the minimum contacts test of *International Shoe*, and the third factor corresponds with the fair play and substantial justice prong of the test. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). Only if Magnesium Machine proves both of the first two factors, does the burden shift to Terves to show exercising jurisdiction is not "reasonable and fair." *Id.* at 1363. Magnesium Machine cannot meet either of the first two prongs of the test.

The Federal Circuit has held that sending cease-and-desist letters into a forum alone does not "satisfy the requirements of Due Process in declaratory judgment actions." *Red

*Wing*, 148 F.3d at 1360. In *Red Wing*, the Federal Circuit held that a patentee sending three different cease-and-desist letters to Red Wing in Minnesota did not create personal jurisdiction for a declaratory judgment case in Minnesota. The court explained:

> Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.

*Red Wing*, 148 F.3d at 1360-61.

In *Maxchief*, 909 F.3d 1134 (Fed. Cir. 2018), the Federal Circuit held there was no personal jurisdiction in Tennessee on facts similar to this case. Plaintiff Maxchief was a Chinese company that sold plastic tables through a distributor in Tennessee (Meco). The patent owner defendant (Wok) alleged that Maxchief's tables infringed its patent. Wok sent an infringement letter into Tennessee alleging infringement by Coleman, a Maxchief customer in Kansas. Wok sent the letter to Maxchief's attorney in Tennessee because he was responding on Coleman's behalf. Maxchief sued Wok for declaratory judgment of non-infringement and patent invalidity, and it alleged that Wok's patent-related letters to Maxchief customers constituted tortious interference under state law. *Maxchief*, 909 F.3d at 1139-41.

The Federal Circuit held there was no personal jurisdiction in Tennessee. As to the declaratory judgment claim, the court held there was no personal jurisdiction because (a) the "letter constitutes a contact with Kansas, not Tennessee, regardless of the fact that it was mailed to a lawyer in Tennessee"; and (b) "even if the letter qualified as a minimum

contact with Tennessee, under *Red Wing*[ ], merely sending notice letters of patent infringement does not satisfy the 'fair play and substantial justice' prong of the personal jurisdiction inquiry." *Id.* at 1139-41. The court also held there was no jurisdiction over the tortious interference claim because the letter on which Maxchief had sued "was directed to Coleman in Kansas, not the lawyer on Coleman's behalf in Tennessee." *Id.* at 1141.

### 2. Magnesium Machine fails to prove specific jurisdiction over Terves

There is no specific jurisdiction over Terves in this case because (a) the Terves' letters challenged by Magnesium Machine are contacts with Texas and Utah (*see* Compl. ¶¶22,32; Ex. 1), not with Oklahoma, and (b) regardless, even if they were directed to Oklahoma, "merely sending notice letters of patent infringement does not satisfy the 'fair play and substantial justice' prong of the personal jurisdiction inquiry." *Id.* at 1141; *see also New World Int'l, Inc. v. Ford Global Technologies, LLC*, 859 F.3d 1032, 1037-38 (Fed. Cir. 2017) ("it is improper to predicate personal jurisdiction on the act of sending ordinary cease and desist letters into a forum, without more.").

There is no specific personal jurisdiction over the tortious interference and Lanham Act claims because they arise out of letters that Terves sent to Magnesium Machine customers in Texas and Utah (*see supra* p.3). As in *Maxchief*, the fact that Magnesium Machine's Oklahoma lawyer responded on behalf of MMP's Texas customer, Frontier Oil, (*see* ECF #1-4) does not create minimum contacts in Oklahoma.

Terves' few and sporadic sales of its own patented materials in Oklahoma are not relevant to specific jurisdiction because Magnesium Machine's claims arise from Terves' assertion of patent rights, and not from its sales activities. *See Avocent Huntsville Corp. v.*

*Aten Intern'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008) (sales of the patent product in the forum "do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability"); *Maxchief*, 909 F.3d at 1138 n.2 ("Shipments and sales of patented products by the patent holder are not enforcement activities, and thus do not qualify as relevant minimum contacts.").

Under the binding authority of *Maxchief* and *Red Wing*, there is no personal jurisdiction over Terves. The Court should dismiss.

## II. The Court should transfer, stay, or dismiss based on the first-to-file rule.

If the Court does not dismiss based on lack of personal jurisdiction, then it should transfer, stay, or dismiss the case based on the first-to-file rule.

### A. The First-to-File Rule

"The Supreme Court has repeatedly observed that under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation." *In re Google Inc.*, 588 Fed. Appx. 988, 990 (Fed. Cir. 2014) (citing *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, (1976); *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, (1952)).

As this Court has stated, the first-to-file rule exists to "'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.'" *Choctaw Defense Services, Inc. v. T&H Services, LLC*, No. CIV-19-00042-PRW, 2019 WL 8194730, (E.D.

Okla. Oct. 21, 2019) (Wyrick, J.) (quoting *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477, 1999 WL 682883, at *2 (10th Cir. 1999) (table decision)).

Federal Circuit law governs the application of the first-to-file rule in patent cases. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Id*.

"It is not required that the parties be identical in each lawsuit, and the first to file rule may apply when the parties are substantially similar." *GWACS Armory, LLC v. KE Arms, LLC*, No. 20-CV-0341, 2021 WL 2117607, at *5 (N.D. Okla. Jan. 21, 2021). Parties are "'substantially similar' under the first-to-file rule if they represent the same interests." *Miller Mendel Inc. v. Alaska State Troopers*, No. 3:21-cv-0129-HRH, 2021 WL 3698377, at *3 (D. Alaska Aug. 19, 2021) (quoting *Aqua Connect, Inc. v. SHI Int'l Corp.*, Case No. CV 19-05662, 2019 WL 8883452, at *3 (C.D. Cal. Dec. 16, 2019)).

Thus, in the patent context, a seller of an accused product (here, Ecometal) and its downstream customer (Magnesium Machine) are substantially similar because the same questions predominate: whether the product sold between them infringes, and whether the asserted patent is valid. *See, e.g.*, *Ultra Prods., Inc. v. Best Buy Co.*, No. 09-1095 (MLC), 2009 WL 2843888, at *4 (D.N.J. Sept. 1, 2009) (staying case against customer pending outcome of case against upstream manufacturer of product). Thus, when the upstream supplier is already in a patent lawsuit, courts will stay the second-filed lawsuit involving

the downstream customer on the same patent. See *id.*; *see also Leviton Mfg. Co. v. Interline Brands, Inc.*, No. 3:05-cv-123, 2006 WL 2523137 (M.D. Fla. Aug. 30, 2006) (staying patent case against customer Interline pending patentee's case against Interline's foreign supplier Dongzheng on the same products and same two patents).

Even companies that are not related or in a buyer-seller relationship may trigger the first-to-file rule if the same products and same patents are at issue because those different accused infringers share the same interests. *See Miller*, 2021 WL 3698377, at *3 (staying second-filed case because earlier-filed case against a different customer involves same product and same patent).[4]

**B.     The first-to-file rule applies here**

It is respectfully submitted that the heavy overlap of issues between this case and the Ohio Patent Case triggers the first-to-file rule.

As to Magnesium Machine's declaratory judgment claim, it raises the identical issues that will be decided in the Ohio Patent Case, including: (a) whether the Ecometal magnesium materials infringe Terves' '740 and '653 patents; (b) whether the patents are unenforceable due to inequitable conduct; and (c) whether the patents are invalid as anticipated by Xiao Daihong or otherwise. (*See supra* pp. 1-2.) Thus, the cases raise the same issues, the two actions are duplicative, and the first-filed case in Ohio should proceed. (*See* cases cited *supra* pp. 9-12.)

---

[4] In *Miller*, the same Dunlap Codding attorney that represents Magnesium Machine in the Ohio Patent Case and the Ohio Trade Secret case obtained a stay of an Alaska patent case based on the first-to-file rule, where the parties were less similar than they are here.

As to Magnesium Machine's tortious interference and Lanham Act claims, those too overlap with the Ohio Patent Case. Because the Patent Act encourages and authorizes patent owners to give written notice to potential infringers, such letters are privileged. *See Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999). To overcome that privilege, Magnesium Machine must show that the infringement allegations are: (a) false; (b) objectively baseless; and (c) sent with subjective bad faith. *Id.* Thus, Magnesium Machine's claims require the Court to assess the merit of Terves' infringement claims, which the Ohio Patent Case will necessarily do shortly.[5] *See Actsoft, Inc. v. Alcohol Monitoring Sys., Inc.*, No. 8:08-cv-00628, 2008 WL 2266254, at *1 (M.D. Fla. June 3, 2018) (transferring Lanham Act claim to first-filed patent case because whether the published statement was false depends on whether the product infringes).

This Court should not proceed in parallel to decide those same questions that the Ohio Court is deciding. As the Federal Circuit has noted, two courts reaching the same decisions would be "wasteful and unnecessary litigation" and disagreeing would "produc[e] conflicting decision." *In re Google*, 588 Fed. Appx. at 990. So, either way, it makes sense for the second-filed case to be stayed or transferred to the first-filed case.

---

[5] Indeed, Magnesium Machine's claims are subject to dismissal because it is not plausible to allege that Terves' infringement allegations are objectively baseless when the patent case has been litigated for two years without dismissal; Terves moved for summary judgment on infringement, no invalidity, and no inequitable conduct; Terves submitted expert-backed metallurgical testing to prove infringement; and Ecometal offered no admissible evidence of invalidity on certain patent claims. Nor is it plausible to allege that Terves' infringement allegations are driven by subjective bad faith when Terves has proven its genuine belief in its patent claims by spending hundreds of thousands of dollars and two years actively litigating its patent case against Ecometal. Terves intends to move for dismissal under Rule 12(b)(6) or 12(c) after jurisdiction and venue are decided.

Although Magnesium Machine is not a party to the Ohio Patent Case, it is closely-related to Ecometal and has the seller-buyer relationship to which courts apply the first-to-file rule. (*See* cases cited *supra* pp. 9-12.) More than that, Magnesium Machine admits that it "has participated materially in defense of the Ohio Patent Lawsuit," (Compl. ¶9), it identified itself as a "party in interest" with Ecometal in losing petitions for *inter partes* review (IPR) filed against Terves' '653 patent (Ex. 2), Magnesium Machine's two owners provided deposition testimony in the Ohio case, and MMP produced documents in response to a subpoena in the Ohio Patent Case. (See Cavanagh Decl. ¶¶9-13.) Also, Magnesium Machine and Ecometal are represented by the same attorneys in the Ohio Patent Case. (*Id.* ¶13.) Magnesium Machine and Ecometal are substantially similar with respect to their dissolvable magnesium materials and their shared goals to obtain non-infringement findings and invalidate the Terves' patents. And Magnesium Machine will face no prejudice litigating in the NDOH, as evidenced by it filing and prosecuting the Ohio Trade Secret Case there, and its ongoing involvement in the Ohio Patent Case.

In fact, courts apply the first-to-file rule when the parties are far less related when, as here, the first-filed case involves the same patent against the same product. *See Wolf Designs, Inc. v. Donald McEvoy Ltd.,Inc.,* 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004) (staying later-filed patent infringement action where both cases arose out of sales of a jewelry boxes that allegedly infringed the same patent); *see also Miller*, 2021 WL 3698377, at *2-3.

The Court should transfer the case to the NDOH because it is already knowledgeable about the law and facts raised by Magnesium Machine's complaint. *See Futurewei*, 737

F.3d at 708 (court may transfer, stay, or dismiss when first-to-file rule applies). Indeed, the presiding District Court Judge has two-years and two-cases[6] of familiarity with Terves, Ecometal, Magnesium Machine, their principals, their attorneys, the patents, the accused products (and their chemical composition and other patent-relevant attributes), the prior art references, the facts relevant to the questions of infringement, invalidity and inequitable conduct, the relevant law, and he has issued a claim construction ruling on the Terves' patents. The NDOH, therefore, is the most efficient and logical place for resolving all of the issues raised by Magnesium Machine's complaint.

Alternatively, the Court should stay or dismiss.

## Conclusion

For these reasons, the Court should dismiss for lack of personal jurisdiction or, alternatively, transfer, stay, or dismiss based on the first-to-file rule.

---

[6] Judge Donald C. Nugent has presided over both the Ohio Patent Case and Magnesium Machine's Ohio Trade Secret Case.

Respectfully submitted,

Dated: January 19, 2022

s/ Michael D. McClintock
Michael D. McClintock, OBA #18105
Christopher M. Scaperlanda, OBA #31703
McAfee & Taft, a Professional Corporation
Two Leadership Square, 8th Floor
211 North Robinson
Oklahoma City, Oklahoma 73102
Phone: (405) 235-9621
Fax: (405) 235-0439
michael.mcclintock@mcafeetaft.com
christopher.scaperlanda@mcafeetaft.com

and

s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Terves LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of January 2022, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on all CM/ECF registrants.

*/s/ Christopher M. Scaperlanda*